UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV13-03163 JAK (VBKx) | Date | July 17, 2013 |
| Title | Srboui Eskidjian v. Washington Mutual Bank, FSB, et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE DEFENDANT PACIFIC VALUE OPPORTUNITIES FUND II, LP'S MOTION TO DISMISS (DKT. 8) AND DEFENDANT JP MORGAN CHASE BANK, N.A.'S MOTION TO DISMISS COMPLAINT (DKT. 12)

### I.   Introduction

On May 3, 2013, Srboui Eskidjian ("Plaintiff") filed this action against the following defendants: (1) JP Morgan Chase National Corporate Service ("JP Morgan"); (2) Cal-Western Reconveyance Corp. ("Cal-Western"); (3) Pacific Value Opportunities Fund II, LP ("Pacific"); and (4) Does 1-10 (collectively "Defendants"). Compl., Dkt. 1. The Complaint contains 11 causes of action; Plaintiff alleges that each arises from the foreclosure of Plaintiff's home. *Id.* pp. 7-19. The 11 causes of action are: (1) declaratory relief; (2) quiet title; (3) slander of title; (4) fraudulent misrepresentation; (5) negligent misrepresentation; (6) breach of the covenant of good faith and fair dealing; (7) violation of the Truth in Lending Act, 15 U.S.C. § 1641 *et seq.* ("TILA"); (8) violation of the Real Estate Settlement Procedures Act, 24 C.F.R. § 3500.14 ("RESPA"); (9) violation of the Cal. Bus. & Prof. Code § 17200; (10) promissory estoppel; and (11) intentional infliction of emotional distress. *Id.* The first two causes of action are brought against all defendants; the nine other causes of action name only JP Morgan and Cal-Western.

JP Morgan and Pacific have each brought a motion to dismiss (the "Motions"), in which each raises several claimed deficiencies in the Complaint. Dkt. 8; Dkt. 12. Cal-Western has not responded to the Complaint. Plaintiff did not file any response to either of the Motions and counsel for Plaintiff failed to appear when the Motions were heard. For the reasons stated in this Order, the Motions are GRANTED.

### II.   Factual and Procedural Background

Plaintiff alleges that on October 26, 2006, she obtained a loan (the "Loan") from the now defunct Washington Mutual Bank for $48,000.[1] Compl., Dkt. 1, ¶ 14. The Loan was secured by a deed of trust

---

[1] Defendant JP Morgan states that the loan amount was $700,000, and that the current balance is $802,525.30.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-03163 JAK (VBKx) | Date | July 17, 2013 |
|---|---|---|---|
| Title | Srboui Eskidjian v. Washington Mutual Bank, FSB, et al. | | |

with respect to the Plaintiff's residence (the "Property"). *Id.* Following the bankruptcy of Washington Mutual, Defendant JP Morgan became the holder and servicer of the Loan. *Id.* ¶ 16.

Plaintiff alleges that, at some point following the issuance of the loan, she experienced financial difficulties. *Id.* ¶ 17. Therefore, she requested a loan modification from JP Morgan and submitted documents to support her request. *Id.* ¶ 18. Plaintiff alleges that representatives of JP Morgan informed her that her request was "under review." *Id.* ¶ 19. On March 23, 2009, Cal-Western, acting on behalf of JP Morgan, recorded a notice of default against Plaintiff. *Id.* ¶ 20; *see* Dkt. 1, Exh. B. On July 2, 2009, Cal-Western, on behalf of JP Morgan, recorded a notice of trustee sale for the Property. Dkt. 1, ¶ 21.

Plaintiff alleges that, following the notice of trustee sale, Plaintiff again contacted JP Morgan. *Id.* ¶ 22. Plaintiff claims that representatives of JP Morgan "assured" her that her loan modification was still under review. *Id.* Plaintiff alleges that she continued to submit documents to JP Morgan in support of her loan modification application. *Id.* ¶ 23. On January 20, 2011, Cal-Western recorded another notice of trustee sale for the Property. *Id.*

On August 16, 2012 Plaintiff conveyed her ownership interest in the Property to a trust. *Id.* ¶ 24. The trustees were Plaintiff and two other individuals, neither of whom is a party to this action. *Id.* On January 11, 2013 Cal-Western recorded another notice of trustee sale for the Property. *Id.* ¶ 27. On February 13, 2013 the Property was sold to defendant Pacific through a trustee sale. *Id.*

### III. Discussion

#### A. Noncompliance with Local Rule 7-12

Local Rule 7-12 provides that the "[t]he failure to file any required document . . . may be deemed consent to the granting . . . of the motion." Local Rule 7-9 defines opposition papers to a motion to dismiss as required documents. Plaintiff failed to file an opposition to Defendants' Motions. *See* Dkt. 18; Dkt. 19. Plaintiff's failure can be deemed as consent to the relief sought in the Motions. Moreover, Plaintiff's counsel failed to attend the July 15, 2013 hearing on the Motions and the Scheduling Conference set at that time. Further, Plaintiff's counsel failed to cooperate in the presentation of the mandatory Rule 16 Report. These failures to comply with the Court's Orders could provide a separate basis to grant the Motions, *i.e.,* Plaintiff has failed to properly prosecute this action. Nonetheless, this Order addresses the merits of the Motions.

#### B. General Legal Standards

##### 1. Motion to Dismiss

An action or cause of action may be dismissed under Rule 12(b)(6) when there is a failure to state claims upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). Plausibility is shown by pleadings that contain factual elements that allow the court to draw a reasonable inference that the alleged misconduct occurred. *Id.* When a court considers a

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-03163 JAK (VBKx) | Date | July 17, 2013 |
|---|---|---|---|
| Title | Srboui Eskidjian v. Washington Mutual Bank, FSB, et al. | | |

motion to dismiss, the court should first separate the "recitals of the elements of [an] action" from the factual allegations. *Id.* The court should then assume the factual allegations are true, and ignore the legal conclusions. *Id.* After eliminating the bare legal conclusions from the complaint, the court should review the factual allegations and "determine whether they plausibly give rise to an entitlement to relief." *Id.*

      2.    <u>Leave to Amend</u>

When dismissing a complaint for failure to state a claim under Rule 12(b)(6), the court must determine whether to permit an amended complaint in which a plaintiff seeks to cure deficiencies in the prior pleading. Dismissing a claim without leave to amend is proper when "the complaint could not be saved by any amendment." *Intri–Plex Techs. v. Crest Group, Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007) (citations omitted).

      3.    <u>Tender</u>

A plaintiff challenging a foreclosure sale must allege tender under "any cause of action for irregularity in the sale procedure." *Abdallah v. United Savs. Bank*, 43 Cal. App. 4th 1101, 1109 (1996); *see also Guerrero v. Greenpoint Mortgage Funding, Inc.*, 403 F. App'x 154, 157 (9th Cir. 2010). "When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure." *Alicea v. GE Money Bank*, 2009 WL 2136969, at *3 (N.D. Cal. 2009). To demonstrate tender, a plaintiff must show both a willingness and the ability to pay the amount owed. *In re Worcester*, 811 F.2d 1224, 1230 (9th Cir. 1987).

Plaintiff fails to allege tender. The following causes of action require such an allegation to be viable: quiet title, fraud, negligent misrepresentation, breach of the covenant of good faith and fair dealing, violation of Cal. Bus. & Prof. Code § 17200, and promissory estoppel. Any amended complaint must allege tender as to these and any other causes of action based on an allegation that there was some impropriety in the foreclosure sale.

      4.    <u>Standing</u>

Defendants challenge the Complaint on the ground that she transferred any interest in the Property to a Trust prior to prior to the foreclosure sale (Dkt. 8, pp. 3-4; Dkt. 12, pp. 5-6), which was prior to the commencement of this action. Therefore, Plaintiff lacks standing to advance the claims for declaratory relief and quiet title, each of which is premised on current ownership. *See* Cal. Code Civ. Proc. § 369.

    C.    **Viability of Plaintiff's Causes of Action**

      1.    <u>Declaratory Relief to Determine the Nature, Extent, and Validity of Lien</u>

Plaintiff's first cause of action seeks declaratory relief pursuant to California Civil Code § 1060. This cause of action fails for two reasons. First, in the context of the present claims, declaratory relief is not an independent cause of action, but rather a "form[] of relief." *Santos v. Countrywide Home Loans*, 2009 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-03163 JAK (VBKx) | Date | July 17, 2013 |
|---|---|---|---|
| Title | Srboui Eskidjian v. Washington Mutual Bank, FSB, et al. | | |

3756337 (E.D. Cal. 2009). Second, in *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149 (2011), a California Court of Appeal rejected the contention that California law "allows for an action to test whether the person initiating the foreclosure has the authority to do so." *Id.* at 1155. *Gomes* concluded that to allow such actions would "fundamentally undermine the nonjudicial nature of the process." *Id.* However, such a claim may be viable if a plaintiff can identify "a specific factual basis for alleging that the foreclosure was not initiated by the correct party." *Id.* at 1156. No such allegation is made in the Complaint. Therefore, the Motions are granted as to the first cause of action, without prejudice, *i.e.,* with leave to amend.

    2.    <u>Quiet Title</u>

Plaintiff's second cause of action is one for quiet title. Such a claim arises from Cal. Code Civ. Proc. § 761.020. This statute sets forth the five elements of a quiet title claim:

> (a) A description of the property that is the subject of the action. . . In the case of real property, the description shall include both its legal description and its street address or common designation, if any.
> (b) The title of the plaintiff as to which a determination under this chapter is sought and the basis of the title.
> (c) The adverse claims to the title of the plaintiff against which a determination is sought.
> (d) The date as of which the determination is sought. If the determination is sought as of a date other than the date the complaint is filed, the complaint shall include a statement of the reasons why a determination as of that date is sought.
> (e) A prayer for the determination of the title of the plaintiff against the adverse claims.

Plaintiff has failed to allege all of the required elements of the quiet title cause of action. Thus, although the Complaint meets the first and fifth statutory requirements (Dkt. 1, ¶ ¶14, 45-46), its allegations do not satisfy the remaining statutory elements. Plaintiff fails to allege any facts regarding the "basis of the title" she might possess, *i.e.,* a "colorable claim to the Property." *Monreal v. GMAC Mortgage, LLC*, 2013 WL 2444165 (S.D. Cal. 2013). Plaintiff alleges that she has a claim to the property because the trustee sale was "void." Dkt. 1. ¶ 44. However, "because the property has already been sold, quiet title is no longer an appropriate action to seek to undo the foreclosure." *Distor v. U.S. Bank NA*, 2009 WL 3429700, *6 (N.D.Cal. 2009); *see also Miller v. Bank of N.Y.*, 2013 WL 663928, at *2 (N.D.Cal. 2013).

The Complaint also fails to satisfy the third element of a quiet title action. Thus, Plaintiff does not identify either the adverse claimant or the adverse claim. Instead, the Complaint alleges only that the quiet title action is filed against "Defendants, known or unknown" and whose claim in the property is "without any right whatsoever and no have [sic] legal or equitable right, claim, or interest in the property." Dkt. 1, ¶ 43. Plaintiff also fails to provide relevant facts as to the fourth element of the quiet title cause of action -- the exact date for which "the determination is sought." Cal. Civ. § 761.020 (d).

For the foregoing reasons, the Complaint is deficient as to this cause of action, and the Motions are granted, with leave to amend.


**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-03163 JAK (VBKx) | Date | July 17, 2013 |
|---|---|---|---|
| Title | Srboui Eskidjian v. Washington Mutual Bank, FSB, et al. | | |

       3.    <u>Slander of Title</u>

The elements of slander of title are: (1) a publication; (2) which is without privilege or justification; (3) which is false, and (4) which causes direct and immediate pecuniary loss. *Stamas v. Cnty. of Madera*, 795 F. Supp. 2d 1047, 1067 (E.D. Cal. 2011). (citing *Manhattan Loft, LLC v. Mercury Liquors, Inc.,* 173 Cal.App.4th 1040 (2009)).

The Complaint fails properly to allege facts supporting all of the elements of this cause of action. Plaintiff properly alleges the first element by claiming that a publication occurred in the form of a Notice of Trustee sale and notice of default. Dkt. 1, ¶ 48. Plaintiff also alleges that the publication is without privilege by claiming that Defendants published the notices with "malicious intent to injure." *Id.* ¶ 53. Cal. Civ. Code § 47(c) provides that the privilege for publications relating to a nonjudicial foreclosure is available only "in a communication, without malice, to a person interested therein." *See Consumer Solutions REO, LLC v. Hillery*, 658 F.Supp.2d 1002, 1018 (N.D.Cal.2009); *Madlaing v. JPMorgan Chase Bank, N.A.*, 2013 WL 2403379 (E.D. Cal. 2013). Because the Complaint alleges that defendant JP Morgan acted with malice, this element of the claim has been pleaded.

The Complaint does not allege any basis for falsity, which is the third element. Although the Complaint alleges that Defendants did not have the "authority" to make the alleged statements, and that Defendants knew that the "documents were false" (Dkt. 1, ¶¶ 48, 53) such allegations do not establish a factual basis for the claim that the recorded notices were false. Instead, there are mere assertions of the elements of the cause of action. These are deficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Because the Complaint fails to make sufficient factual allegations as to the third element of the third cause of action for slander of title, the Motions are granted as to this cause of action, with leave to amend.

       4.    <u>Common Law Fraud</u>

Plaintiff's fourth cause of action is for "fraudulent misrepresentations." Because there is no such cause of action under California law, the claim is properly deemed as one for common law fraud. The elements of such a claim are: (1) a false representation, (2) knowledge of the falsity of the representation, (3) intent to defraud, (4) justifiable reliance, and (5) damages. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (citing *Stansfield v. Starkey*, 220 Cal. App. 3d 59, 72 (1990)).

In pleading fraud, the plaintiff "must state with particularity the circumstances constituting fraud" so as to allow the defendant to prepare an adequate answer. Fed. R. Civ. P. 9(b). To meet this higher pleading standard a plaintiff must state the time, place and nature of the alleged fraudulent activities. *Moore v. Kayport Package Exp., Inc.,* 885 F.2d 531, 540 (9th Cir. 1989) (citing *Wool v. Tandem Computers, Inc.,* 818 F.2d 1433, 1439 (9th Cir.1987)). Mere conclusory allegations of fraud are deemed to be insufficient to survive a motion to dismiss. *Id.*

Plaintiff's claim fails to meet these requirements. There is no specificity in the Complaint; it alleges only that agents of JP Morgan committed fraud. Dkt. 1, ¶ 56-58. The Complaint fails to allege when any fraudulent communications occurred, by whom they were made or the relationship between any such person and JP Morgan.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-03163 JAK (VBKx) | Date | July 17, 2013 |
|---|---|---|---|
| Title | Srboui Eskidjian v. Washington Mutual Bank, FSB, et al. | | |

Further, the Complaint is deficient because it lacks specificity as to other elements of the fraud claim. Thus, even assuming that the Complaint can be interpreted to assert that there were improper communications with respect to a review of Plaintiff's application for a loan modification, these allegations lack any specificity. Among other things, there is no description of the content of the statements, when they were made, or why those who made them knew that they were false when they were made. Nor is there any allegation as to why Plaintiff could reasonably have relied on such statements. Thus, the Complaint alleges only that Plaintiff "justifiably relied on the fraudulent misrepresentations." Finally, there are no allegations as to the amount of damages that allegedly resulted from the claimed fraud. *Id.* ¶ 60.

For these reasons, the Motions are granted as to the fourth cause of action, with leave to amend.

     5.     <u>Negligent Misrepresentation</u>

The heightened pleading standard set forth in FRCP 9(b) also applies to claims of negligent misrepresentation. *Glen Holly Entertainment, Inc. v. Tektronix, Inc.*, 100 F.Supp.2d 1086, 1093 (C.D.Cal.1999) ("Claims for fraud and negligent misrepresentation must meet the heightened pleading requirements of Rule 9(b)"); *see also U.S. Concord, Inc. v. Harris Graphics Corp.*, 757 F.Supp. 1053, 1058 (N.D.Cal.1991) (holding that a claim for negligent misrepresentation fails for lack of specificity under rule 9(b)).

Under California law, to establish a claim for negligent misrepresentation a plaintiff must allege: (1) misrepresentation of a past or existing material fact;, (2) without reasonable ground for believing it to be true; (3) with intent to induce another's reliance on the misrepresentation; (4) ignorance of the truth and justifiable reliance on the misrepresentation by the party to whom it was directed; and (5) resulting damage. *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1201, n. 2 (9th Cir.2001). These elements are similar to those in a claim for fraud, although scienter is replaced with negligence. *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101 (C.D. Cal. 2003). Thus, in a fraud claim the plaintiff must allege that the defendant knew the communication was false, while in a negligent misrepresentation claim, plaintiff need only allege that the defendant "lacked reasonable grounds to believe the representation was true." *Id.* at 1140-42. *See also Firoozye v. Earthlink Network*, 153 F.Supp.2d 1115, 1128 (N.D.Cal.2001).

The negligent misrepresentation claim is deficient for many of the reasons discussed above in connection with the fraud claim. First, Plaintiff fails to plead facts showing negligent misrepresentation with the required specificity. Plaintiff merely states that "for several months she sent numerous documents to CHASE. . . [and] that Defendant represented to her that these documents were being reviewed." Dkt. 1, ¶ 65. Thus the Complaint fails to state the time, the place, the individuals involved, and the nature of any claimed negligent misrepresentations.

Second, Plaintiff's Complaint fails to allege facts showing that Defendant's agents lacked a reasonable basis to believe the information they provided was true. Moreover, Plaintiff fails to allege any facts that support the claim that Defendant's agents intended to have Plaintiff rely on their alleged misstatements. Rather, the Complaint alleges only that they "made these misrepresentation [sic] with the intent to induce Plaintiff to rely on their statements and not to take other action." *Id.* ¶ 68. Nor does the Complaint provide

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-03163 JAK (VBKx) | Date | July 17, 2013 |
|---|---|---|---|
| Title | Srboui Eskidjian v. Washington Mutual Bank, FSB, et al. | | |

any specificity as to whether Plaintiff was unaware of the true facts or that she acted reasonably in relying on the representations that were made to her. Finally, there is no allegation of any damages beyond that they will "be proven at trial." *Id.* ¶ 70.

For these reasons, the Motions are granted as to the fifth cause of action, with leave to amend.

      6.      <u>Breach of Good Faith and Fair Dealing</u>

"California law recognizes in every contract . . . an implied covenant of good faith and fair dealing." *Trishan Air, Inc.* 635 F.3d 422, 434 (9th Cir. 2011) (citing *Brehm v. 21st Century Ins. Co.*, 166 Cal. App. 4th 1225, 1235 (2008)). A breach of the underlying contract is not required to establish a cause of action for breach of good faith and fair dealing. *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1137 (9th Cir. 1998) (citing *Carma Developers Inc. v. Marathon Dev. California, Inc.*, 2 Cal. 4th 342, 373 (1992)). However, a cause of action for breach of good faith and fair dealing cannot be established when the defendant is expressly permitted, under the terms of the underlying contract, to engage in the conduct that is supposedly violating the good faith covenant. *Solomon*, F.3d 1132 at 1137.

Moreover, "the implied covenant of good faith and fair dealing may not be applied so as to supply a term on a matter as to which the contract is intentionally silent." *Dental Tech. Coll. for Handicapped, Inc. v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. (UAW)*, 881 F.2d 1083, 1083 (9th Cir. 1989); *see also Berger v. Home Depot U.S.A., Inc.*, 476 F.Supp.2d 1174, 1177 (C.D.Cal. 2007) ("The implied covenant will not apply where no express term exists on which to hinge an implied duty, and where there has been compliance with the contract's express terms."); *Young v. Facebook, Inc.*, 790 F. Supp. 2d 1110, 1117 (N.D. Cal. 2011) ("A party must take on an obligation, either expressly or impliedly, before it can be said to have acted in bad faith by not carrying it out.").

Plaintiff alleges that Defendant JP Morgan breached the covenant of good faith and fair dealing through two actions. First, by "attempting to exercise the power of sale in the Deed of Trust they had no legal authority to do so [sic]." Dkt. 1, ¶ 75. However, the very nature of the deed of trust allows the holder of the deed to effect this type of sale. Moreover, Plaintiff has failed to point to any part of the underlying deed of trust contract that could serve as the anchor upon which to "hinge an implied duty" not to exercise the power of sale. *Berger*, 476 F.Supp.2d at 1177.

Second, Plaintiff alleges that JP Morgan breached its duty by "misrepresenting to Plaintiff that they were reviewing documents she submitted in consideration for a loan modification." Dkt. 1, ¶ 76. This allegation also fails. The Complaint does not identify a provision of the contract that serves as the basis for the claim.

Because these allegations are deficient, the Motions are granted as to the sixth cause of action, with leave to amend.

      7.      <u>TILA Violation</u>

Plaintiff's TILA claim arises from the alleged failure of JP Morgan to provide Plaintiff with various disclosures prior to closing on the loan. Plaintiff's cause of action fails because Plaintiff does not allege

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-03163 JAK (VBKx) | Date | July 17, 2013 |
|---|---|---|---|
| Title | Srboui Eskidjian v. Washington Mutual Bank, FSB, et al. | | |

any factual context, the claim as pleaded may be time barred, and the claim as pleaded may not be brought against JP Morgan as the assignee of the loan.

First, Plaintiff's cause of action fails to state what disclosures were withheld, who withheld them and when and where they were withheld. Instead, Plaintiff merely states that she "alleges that Defendants failed to provide Plaintiff with the proper disclosures required under TILA." Dkt. 1, ¶ 82. This assertion is insufficient.

Second, JP Morgan contends that Plaintiff's claim is time barred. Dkt. 12, p. 15. 15 U.S.C. §1640(e) provides that "any action under this section may be brought . . . within one year from the date of the occurrence of the violation." Generally, the TILA statutory period "runs from the date of consummation of the transaction." *King v. California*, 784 F. 2d 910, 915 (9th Cir. 1986). However, equitable tolling is available where a plaintiff is able to argue that he or she was excusably delayed from discovering the violation. *Hubbard v. Fidelity Fed. Bank*, 91 F. 3d 75, 79 (9th Cir. 1996) (citing *King*, 784 F.2d at 915). "Plaintiffs are not entitled to equitable tolling if they were not prevented from comparing their loan documents and disclosures with those required under TILA." *Hubbard* 91 F. 3d at 79; *see also King*, 784 F.2d at 915. Plaintiff alleges that her last communication with Defendant JP Morgan was prior to January 20, 2011; this action was commenced on May 3, 2013, more than a year later. Because the limitations issue arises from the face of the Complaint, and because this affirmative defense has been raised by Defendants, any amended complaint must address the claimed basis for tolling.

Third, JP Morgan claims that it cannot be held liable for the violation because it did not originate the loan. Dkt. 12, p. 13. Plaintiff claims that JP Morgan is the current servicer of Plaintiff's loan. Dkt. 1, ¶ 16. Plaintiff fails to allege that JP Morgan is also the lender or assignee of the loan. Loan servicers cannot be held liable for TILA violations for loans they did not originate. 15 U.S.C. § 1641 (f) ("Treatment of <u>servicer</u>: (1) In general a servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation."); *see also Manuel v. Discovery Home Loans, LLC*, 2010 WL 2889510 at *3 (N.D. Cal. 2010); *Urista v. Bank of Am., N.A.*, WL 4948753 (N.D. Cal. 2011); *Punzalan v. EMC Mortgage Corp.*, 2011 WL 1838778 (N.D. Cal. 2011).

Even if the court construes the Complaint to assert that JP Morgan is the assignee of the loan, it would still be deficient. A TILA action based on alleged non-disclosure that is brought against the assignee of a debt or mortgage is only available when "the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement". 15 U.S.C. § 1641(a); *see also Marcos* 2011 WL 5079643 (N.D. Cal. 2011). There is no such allegation in the Complaint.

For these reasons, the Motions are granted as to the seventh cause of action, with leave to amend.

        8.    <u>RESPA Violation</u>

Plaintiff's allegations under RESPA arise from the fees charged by JP Morgan and Cal-Western that allegedly were "in excess of the reasonable value of goods provided and/or services rendered." Dkt. 1, ¶ 90. Plaintiff further alleges that "the loan also contained excessive closing costs and. . . kickbacks, hidden referral fees and/or Yield Spread Premiums." *Id.* ¶ 91. RESPA and 24 C.F.R. § 3500.14 require, among

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-03163 JAK (VBKx) | Date | July 17, 2013 |
|---|---|---|---|
| Title | Srboui Eskidjian v. Washington Mutual Bank, FSB, et al. | | |

other things, that lenders and loan servicers be prohibited from taking "kickbacks and unearned fees." 12 U.S.C. § 2607.

Plaintiff's claim fails for three reasons. First, the Complaint fails to identify any action by either Defendant through which it charged excessive fees or why such fees were excessive or improper. Thus the Complaint presents only the "legal recitals couched as facts" held insufficient to survive a motion to dismiss in *Iqbal* and *Twombly. Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

Second, JP Morgan contends that Plaintiff's claim is time-barred. Dkt. 12, p. 16. 12 U.S.C. § 2614 states: "Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought . . . within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation." The date of the occurrence of the violation is interpreted as the date on which the loan documents were signed. *Lyman v. Loan Correspondents, Inc.*, 2009 WL 3757398 (C.D. Cal. 2009) *aff'd,* 470 F. App'x 688 (9th Cir. 2012). Plaintiff signed her loan documents on October 26, 2006. Compl. pp. 4-5, Dkt. 1. Plaintiff brought this action nearly seven years later on May 3, 2013. Compl. Dkt. 1. "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pacific Bell,* 202 F.3d 1170, 1178 (9th Cir.2000). Equitable tolling is generally available for RESPA claims involving mortgages. *Brewer v. Indymac Bank*, 609 F.Supp.2d 1104 (E.D.Cal.2009); *see also Lyman*, 2009 WL 3757398. Because the limitations issue arises from the face of the Complaint, and because this affirmative defense has been raised by Defendants, any amended complaint must address the claimed basis for tolling

Third, Plaintiff alleges that the fees charged were "in excess of the reasonable value of goods provided and/or services rendered." Dkt. 1, ¶ 90. However, excessive fees for services rendered do not give rise to a RESPA claim. *Martinez v. Wells Fargo Home Mortgage, Inc,* 598 F.3d 549, 553-54 ("[RESPA] cannot be read to prohibit charging fees, excessive or otherwise, when those fees are for services that were actually performed.").

For these reasons, the Motions are granted as to the eight cause of action, with leave to amend.

9. <u>Violation of California Business and Professions Code §17200</u>

"Section 17200 defines 'unfair competition' very broadly, to include 'anything that can properly be called a business practice and that at the same time is forbidden by law." *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000) (citing *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377 (1992)) (internal quotation marks omitted). In essence, a violation of § 17200 is a derivative cause of action that "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Chabner* , 225 F. 3d at 1048 (citing *Cel–Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163) (internal quotation marks omitted). An unfair competition claim requires the allegation of specific facts showing ongoing unlawful, unfair, and fraudulent business acts. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-03163 JAK (VBKx) | Date | July 17, 2013 |
|---|---|---|---|
| Title | Srboui Eskidjian v. Washington Mutual Bank, FSB, et al. | | |

Plaintiff claims that the actions of JP Morgan "were in violation of established California public policies to promote and preserve home ownership and to prevent foreclosures," in light of California Civil Code §§ 1695(b), 2923.5, and 3412. Dkt. 1, ¶ 98. Plaintiff states that Defendants engaged in "deceptive business practices by engaging in . . . (a) instituting improper, premature and unauthorized foreclosure proceedings against Plaintiff's Property; [and] (c) executing and recording documents without the legal authority to do so" (b was omitted in the Complaint). *Id.* ¶ 97. However, the Complaint does not allege facts with respect to how JP Morgan's actions were improper, premature, or deceptive. Furthermore, it does not make clear what statute(s) underlie the §17200 claims.

For these reasons, the Motions are granted as to the ninth cause of action, with leave to amend.

### 10. Promissory Estoppel

Under California law, the elements of a promissory estoppel claim are: (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) that is both reasonable and foreseeable; and (4) the party asserting the claim must be injured by this reliance. *B & O Mfg., Inc. v. Home Depot U.S.A., Inc.*, WL 3232276, *6 (N.D. Cal. 2007) (quoting *Laks v. Coast Fed. Sav. & Loan Assn.*, 60 Cal. App. 3d 885, 890 (1976)).

The Complaint fails to allege sufficient facts to establish the basis for a claim of promissory estoppel. Plaintiff alleges that JP Morgan promised her that "they were reviewing her request for the purpose of a loan modification." Dkt. 1, ¶ 105. The Complaint does not, however, allege that JP Morgan promised that it would not foreclose while this review process was underway.

Moreover, the Complaint alleges that Plaintiff reasonably relied on JP Morgan's promise in not seeking "other remedies to the economic hardship she faced." *Id.* ¶ 107. This is not sufficient. Thus, "[s]uch general allegations of detrimental reliance are insufficient to plead promissory estoppel, and fail to meet even the basic pleading standard of Rule 8 and *Twombly*." *Nguyen v. PennyMac Loan Servs., LLC*, WL 6062742, *8 (C.D. Cal. 2012) (holding that a Plaintiff did not sufficiently allege detrimental reliance by stating that he did not file for bankruptcy or "investigate" other "possible scenarios to stave off impending foreclosure"). *See also Sohal v. Federal Home Loan Mortg. Corp.*, WL 3842195, *7 (N.D. Cal. 2011) ("vague allegations of foregoing legal action are insufficient to plead detrimental reliance").

For these reasons, the Motions are granted as to the tenth cause of action, with leave to amend.

### 11. Intentional Infliction of Emotional Distress

A claim for IIED has the following elements: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Avina v. United States*, 681 F.3d 1127, 1131 (9th Cir. 2012) (citing *Hughes v. Pair*, 46 Cal.4th 1035 (2009)) (internal quotation marks omitted).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-03163 JAK (VBKx) | Date | July 17, 2013 |
|---|---|---|---|
| Title | Srboui Eskidjian v. Washington Mutual Bank, FSB, et al. | | |

The Complaint fails to allege these elements adequately. As to the first element, outrageous conduct is defined as conduct which is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Corales v. Bennett*, 567 F.3d 554, 571 (9th Cir. 2009) (citing *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209, (1982)). "The act of foreclosing on a home (absent other circumstances) is not the kind of extreme conduct that supports an intentional infliction of emotional distress claim." *Quinteros v. Aurora Loan Servs.*, 740 F. Supp. 2d 1163, 1172 (E.D. Cal. 2010). *See also Harvey G. Ottovich Revocable Living Trust Dated May 12, 2006 v. Wash. Mut., Inc.*, WL 3769459, *4–5, (N.D. Cal. 2010); *Mehta v. Wells Fargo Bank, N.A.*, WL 3385020, *16 (S.D. Cal. 2010) ("The fact that one of Defendant Wells Fargo's employees allegedly stated that the sale would not occur but the house was sold anyway is not outrageous as that word is used in this context."). This defect cannot be corrected by an amended complaint.

For these reasons, the Motions are granted as to the eleventh cause of action, without leave to amend, *i.e.,* with prejudice.

### IV.     Conclusion

For the reasons stated, the Motions are GRANTED. Any amended complaint shall be filed within 21 days of this Order. If no amended complaint is timely filed, this action will be dismissed with prejudice.

**IT IS SO ORDERED.**

                                                                                                        :

                                                                    Initials of Preparer       ak