**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV13-03163 JAK (VBKx) | Date | October 23, 2013 |
| Title | Srboui Eskidjian v. Washington Mutual Bank FSB et al | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE DEFENDANT'S MOTION TO DISMISS (DKT. 26)**

## I.    Introduction

On August 7, 2013, Srboui Eskidjian ("Plaintiff") filed the First Amended Complaint ("FAC") in this action in which the following defendants are named: (1) JP Morgan Chase National Corporate Service ("JP Morgan"); (2) Cal-Western Reconveyance Corp. ("Cal-Western"); (3) Pacific Value Opportunities Fund II, LP ("Pacific")1; and (4) Does 1-10 (collectively "Defendants").   Dkt. 24, FAC at 1. The FAC advances seven causes of action against Defendants relating to the foreclosure of Plaintiff's home: (1) fraud; (2) violations of the Homeowners' Bill of Rights ("HBOR"); (3) negligent misrepresentation; (4) violation of the Truth in Lending Act, 15 U.S.C. § 1641 et seq. ("TILA"); (5) violation of the Real Estate Settlement Procedures Act, 24 C.F.R. § 3500.14 ("RESPA"); (6) violation of the Cal. Bus. & Prof. Code § 17200 ("§ 17200"); and (7) promissory estoppel.   *Id.*

JP Morgan brought a motion to dismiss (the "Motion"), in which it raises several claimed deficiencies in the FAC.   Dkt. 30.   Plaintiff filed an opposition to the Motion. Dkt. 34.   JP Morgan filed a reply. Dkt. 35. A hearing on the Motion was conducted on October 21, 2013. At the hearing the Court stated its tentative views, heard argument, adhered to those views, and stated that a written order would follow.
For the reasons stated in this Order, the Motion is GRANTED, with leave to amend the fraud, HBOR, negligent misrepresentation, § 17200 and promissory estoppel claims. The remaining claims are dismissed with prejudice. An amended complaint consistent with this Order shall be filed on or before November 5, 2013.

## II.    Factual and Procedural Background

Plaintiff alleges that, on October 26, 2006, she obtained a loan (the "Loan") from the now defunct Washington Mutual Bank for $700,000.   Dkt. 24, FAC at 6. The Loan was secured by a deed of trust with respect to the Plaintiff's residence (the "Property").   *Id.*   Following the bankruptcy of Washington

---

1 Defendant Pacific was voluntarily dismissed by Plaintiff on August 30, 2013.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-03163 JAK (VBKx) | Date | October 23, 2013 |
|---|---|---|---|
| Title | Srboui Eskidjian v. Washington Mutual Bank FSB et al | | |

Mutual, Defendant JP Morgan became the holder and servicer of the Loan. *Id.* at 2.

Plaintiff alleges that, at some point following the making of the Loan, she experienced financial difficulties. *Id.* at 6. Therefore, on January 5, 2009, she requested that JP Morgan agree to modify the terms of the Loan, and submitted documents to support her request. *Id.* at 6-7. Plaintiff contends that five months passed before JP Morgan responded to her request. *Id.* at 7. Plaintiff also alleges that, following the submission of her request, representatives of JP Morgan informed her that it was "under review." *Id.* at 7. She further contends that, in early June 2009, she spoke to a JP Morgan representative who told her that she had been approved for a three-month trial period plan ("TPP") with respect to the Loan. *Id.* She was to receive paperwork describing this arrangement "shortly," and after completing her third payment, she was to receive a final agreement modifying the Loan. *Id.* On March 23, 2009, Cal-Western, acting on behalf of JP Morgan, recorded a notice of default with respect to the Loan. *Id.* at 7; *see* Dkt. 24, Exh. B. On July 2, 2009, Cal-Western recorded a notice of trustee sale for the Property. *Id.* at 7-8; *see* Dkt. 24, Exh. C. Plaintiff alleges that, notwithstanding these events, she was "assured" that her loan modification documents were still under review. *Id.* at 8.

Plaintiff alleges that she received the loan modification documents on August 1, 2009. *Id.* After completing three payments, she inquired about a finalized modification agreement. *Id.* She alleges that JP Morgan instructed her to continue making TPP payments, and that she would receive the final modification packet "shortly." *Id.* She claims that she made 12 TPP payments, and that, in August 2010, after JP Morgan rejected her proffered, 13th payment, she was dropped from the TPP program. *Id.* Plaintiff alleges that JP Morgan then told her that it had made a mistake, and that she would be reinstated in the TPP program. *Id.* She alleges that she was never reinstated, and was later told that she would have to reapply to participate in the TPP program. *Id.* Plaintiff contends that, between August 2010 and January 2013, on nine occasions, she submitted documents supporting her request for a loan modification. *Id.* at 9.

On January 11, 2013 Cal-Western recorded another notice of trustee sale for the Property. *Id.* at 9. On February 13, 2013 the Property was sold to Pacific through a trustee sale. 2 *Id.* at 10.

**III.    Analysis**

    **A.    Legal Standard**

An action or cause of action may be dismissed under Rule 12(b)(6) when there is a failure to state claims upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). Plausibility is shown by pleadings that contain factual elements that allow the court to draw a reasonable inference that the alleged misconduct occurred. *Id.* When a court considers a

---

2 In Plaintiff's original complaint, she alleged that, on August 16, 2012 she conveyed her ownership interest in the Property to a trust. Dkt. 1 at 6; *see* Dkt. 1, Exh. E ("Grant Deed"). The trustees were Plaintiff and two other individuals, neither of whom is a party to this action. *Id.* Plaintiff does not make this allegation in the FAC.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**


**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-03163 JAK (VBKx) | Date | October 23, 2013 |
|---|---|---|---|
| Title | Srboui Eskidjian v. Washington Mutual Bank FSB et al | | |

motion to dismiss, the court should first separate the "recitals of the elements of [an] action" from the factual allegations. *Id.* The court should then assume the factual allegations are true, and ignore the legal conclusions. *Id.* After eliminating the bare legal conclusions from the complaint, the court should review the factual allegations and "determine whether they plausibly give rise to an entitlement to relief." *Id.*

    **B.    Leave to Amend**

When dismissing a complaint for failure to state a claim under Rule 12(b)(6), the court must determine whether to permit an amended complaint in which a plaintiff seeks to cure deficiencies in the prior pleading. Dismissing a claim without leave to amend is proper when "the complaint could not be saved by any amendment." *Intri–Plex Techs. v. Crest Group, Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007) (citations omitted).

    **C.    Tender**

A plaintiff challenging a foreclosure sale must allege tender of the amount due under the loan, with respect to "any cause of action for irregularity in the sale procedure." *Abdallah v. United Savs. Bank*, 43 Cal. App. 4th 1101, 1109 (1996); *see also Guerrero v. Greenpoint Mortgage Funding, Inc.*, 403 F. App'x 154, 157 (9th Cir. 2010). "When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure." *Alicea v. GE Money Bank*, 2009 WL 2136969, at *3 (N.D. Cal. 2009). To demonstrate tender, a plaintiff must show both a willingness and the ability to pay the amount owed. *In re Worcester*, 811 F.2d 1224, 1230 (9th Cir. 1987).

In Plaintiff's original complaint, she failed to allege tender. The Order that granted the motion to dismiss that complaint stated that "[t]he following causes of action require [an allegation of tender] to be viable . . . fraud, negligent misrepresentation . . . violation of Cal. Bus. & Prof. Code § 17200, and promissory estoppel. Any amended complaint must allege tender as to these and any other causes of action based on an allegation that there was some impropriety in the foreclosure sale." Dkt. 22 at 3.

Plaintiff has failed to allege tender.3   To the extent that, in a further amended complaint, Plaintiff seeks to allege claims premised on any impropriety in the foreclosure procedure, Plaintiff must allege tender if she can do so in good faith. A failure to do so will result in the dismissal of such claims with prejudice.

    **D.    Viability of Plaintiff's Causes of Action**

        1.    <u>Fraud.</u>

---

3 In her opposition to the Motion as to the fraud and negligent misrepresentation claims, Plaintiff argues that "tender is not required as it would be inequitable to require tender based on her allegations." This argument is not a persuasive response to, or compliant with the terms of, the prior Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-03163 JAK (VBKx) | Date | October 23, 2013 |
|---|---|---|---|
| Title | Srboui Eskidjian v. Washington Mutual Bank FSB et al | | |

The elements of common law fraud are: (1) a false representation, (2) knowledge of the falsity of the representation, (3) intent to defraud, (4) justifiable reliance, and (5) damages. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (citing *Stansfield v. Starkey*, 220 Cal. App. 3d 59, 72 (1990)). In pleading fraud, the plaintiff "must state with particularity the circumstances constituting fraud" to allow the defendant to prepare an adequate answer. Fed. R. Civ. P. 9(b). To meet this higher pleading standard a plaintiff must state the time, place and nature of the alleged fraudulent activities. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) (citing *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir.1987)). Mere conclusory allegations of fraud are insufficient to survive a motion to dismiss. *Id.*

The FAC fails to meet these requirements. Plaintiff has described the allegedly deceptive activity with more specificity than in her original complaint.  For example, she states that she "spoke with several [JP Morgan] customer service representatives who informed her that her loan modification application was under review," she "contacted [JP Morgan] customer service representatives on numerous occasions to follow-up on the status of her application," and on each occasion was "assured . . . that her application was under review," and that "[i]n or around March 2009, [she] was assured by [JP Morgan] customer service representatives, during phone conversations, that her application was still under review."  Dkt. 24, FAC at 11. She further states that she was "induced to rely on a promise of a modified loan after granting her a trial period payment plan." But, notwithstanding these details, the FAC remains deficient because it lacks specificity as to other elements of the fraud claim. For example, the FAC does not explain why those who made the statements knew that they were false when they were made. Nor is there any allegation as to why Plaintiff could reasonably have relied on such statements: Plaintiff does not allege that JP Morgan made any promise that the Property was not still subject to foreclosure while her loan modification application was under review. Thus, the Complaint alleges only that Plaintiff "reasonably relied on the fraudulent misrepresentations made by Defendant." *Id.* at 12-13.

For these reasons, the Motion is granted as to the first cause of action, with leave to amend.  If an amended complaint is filed in which a tender of the amount due under the loan is not alleged, then any amended claim for fraud must be limited to Defendant's alleged conduct distinct from the foreclosure process itself.

        2.       <u>Violations of the Homeowner Bill of Rights</u>

Plaintiff advances two bases for her claim under the HBOR.

*First,* she contends that Defendant violated the § 2923 of the HBOR when it engaged in "dual tracking." This is defined as the practice of lenders "of negotiating with homeowners in default on their loans for a loan modification while simultaneously advancing the foreclosure process…."  *Singh v. Bank of America, N.A.*, 2013 WL 1858436 at * 2 (E.D. Cal. 2013).  The HBOR, which became effective on January 1, 2013, prohibits this practice. *Id.* California courts interpreting the HBOR have adopted "the legal principle that unless there is an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature . . . must have intended a retroactive application.  The [HBOR] does not state that it has retroactive effect."  *Michael J. Weber Living Trust v. Wells Fargo Bank, N.A.*, 2013 WL 1196959 at *4 (N.D. Cal. 2013), quoting *Myers v. Phillip Morris Companies, Inc., 28 Cal. 4th 828, 841 (2002)*.   Section 2923.6(c) states that "[i]f a borrower

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV13-03163 JAK (VBKx) | Date | October 23, 2013 |
| Title | Srboui Eskidjian v. Washington Mutual Bank FSB et al | | |

submits a complete application for a first lien modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer . . . . shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending."   It further states that "A mortgage servicer . . . shall not record a notice of default or notice of sale or conduct a trustee's sale until . . . [t]he mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period . . . has expired."

Plaintiff alleges that Defendant told her that she had been approved for a trial loan modification in "a telephone call from a [JP Morgan] representative made in the beginning of June 2009 [when she] was informed that 'we are pleased to let you know that you meet the criteria required for a loan modification and you are approved to enter into a three (3) month trial period plan."   Dkt. 24, FAC at 7. She also alleges that, on August 1, 2009, she received the paperwork for a TPP. She next alleges that she followed these written instructions and made her first payment by August 24, 2009.   *Id.* at 8.   She then alleges that she made each subsequent payment on time. *Id;* Exhs. D, E. Plaintiff contends that JP Morgan instructed her to continue making payments because her final modification paperwork would be delivered to her soon. *Id.*   She alleges that she never received a final agreement, that she was mistakenly dropped from the TPP, and that she was told that, to be reinstated, she would have to reapply. *Id.*   Although she contends that she submitted additional paperwork, she alleges that she was not reinstated. *Id.* at 9.

The FAC does not make clear whether Plaintiff's application was ever denied, although her opposition to the Motion implies that it was when it states that "[d]efendants sought to foreclose the property very shortly after denying Plaintiff's application for a home loan modification."   Dkt. 34 at 7.   The FAC does not provide any information as to when any denial occurred or its substance. Furthermore, although Plaintiff contends that she resubmitted her loan modification paperwork in January 2013, she does not allege that any other communications occurred after the effective date of the HBOR.   Dkt. 24.   Any amended complaint must contain sufficient factual allegations to support a claim under the HBOR in light of its effective date of January 1, 2013.

*Second,* Plaintiff claims that JP Morgan violated § 2923.7(a). It provides that "[u]pon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact."   Cal. Civ. Code. § 2923.7. With respect to allegations of violations of this statute after its effective date, once again only Plaintiff's has alleged only that her most recent submission of loan modification paperwork occurred in January 2013.   Dkt. 24, FAC at 9; *see Emick v. JPMorgan Chase Bank*, 2013 WL 3804039 (E.D. Cal., 2013) (dismissing plaintiff's HBOR claim because it was "unclear . . . whether any of the allege violations occurred between January 1, 2013, when the HBOR became effective, and [the filing of the action]"). Therefore, any amended complaint must contain sufficient factual allegations to support a claim under the HBOR in light of its effective date of January 1, 2013.

For these reasons, the Motion is granted with respect to both claimed violations of the HBOR, with leave to amend.

       3.     <u>Negligent Misrepresentation</u>

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-03163 JAK (VBKx) | Date | October 23, 2013 |
|---|---|---|---|
| Title | Srboui Eskidjian v. Washington Mutual Bank FSB et al | | |

The heightened pleading standard set forth in FRCP 9(b) also applies to claims of negligent misrepresentation. *Glen Holly Entertainment, Inc. v. Tektronix, Inc.*, 100 F.Supp.2d 1086, 1093 (C.D.Cal.1999) ("Claims for fraud and negligent misrepresentation must meet the heightened pleading requirements of Rule 9(b)"); *see also U.S. Concord, Inc. v. Harris Graphics Corp.*, 757 F.Supp. 1053, 1058 (N.D.Cal.1991) (holding that a claim for negligent misrepresentation fails for lack of specificity under rule 9(b)).

Under California law, to plead a claim for negligent misrepresentation a plaintiff must allege: (1) misrepresentation of a past or existing material fact;, (2) without reasonable ground for believing it to be true; (3) with intent to induce another's reliance on the misrepresentation; (4) ignorance of the truth and justifiable reliance on the misrepresentation by the party to whom it was directed; and (5) resulting damage. *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1201, n. 2 (9th Cir.2001). These elements are similar to those in a claim for fraud, although scienter is replaced with negligence. *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101 (C.D. Cal. 2003). Thus, in a fraud claim the plaintiff must allege that the defendant knew the communication was false, while in a negligent misrepresentation claim, plaintiff need only allege that the defendant "lacked reasonable grounds to believe the representation was true." *Id.* at 1140-42. *See also Firoozye v. Earthlink Network*, 153 F.Supp.2d 1115, 1128 (N.D.Cal.2001).

The FAC does not remedy the deficiencies in this claim that were addressed in the prior Order dismissing the original complaint. Dkt. 22 at 6. Thus, the FAC fails to plead facts with the required specificity. Plaintiff merely states that "between March 2009 and February 2013 she sent several documents to [JP Morgan] in support of her loan modification application," and that "during this time period she contacted [JP Morgan] [and] [JP Morgan] representatives assured her . . . that her application was under review." Dkt. 24, FAC at 14. Although the time period constitutes a new allegation, the FAC fails to make other pertinent allegations, including as to the individuals involved and the nature of any claimed negligent misrepresentations.

Furthermore, the FAC fails to allege facts showing that Defendant's agents lacked a reasonable basis to believe the information they provided to Plaintiff was true. Moreover, Plaintiff fails to allege any facts that support the claim that Defendant's agents intended to cause Plaintiff to rely on their alleged misstatements. Rather, the FAC mirrors language in the original complaint and alleges only that they "made these misrepresentations with the intent to induce Plaintiff to rely on their statements and not to seek other remedies to prevent foreclosure of her Property." *Id.* at 15. Finally, the FAC does provide any specificity as to whether Plaintiff was unaware of the true facts or that she acted reasonably in relying on the alleged representations that were made to her.

For these reasons, the Motion is granted as to the third cause of action, with leave to amend. If an amended complaint is filed in which a tender of the amount due under the loan is not alleged, then any amended claim for negligent misrepresentation must be limited to Defendant's alleged conduct distinct from the foreclosure process itself.

       4.    <u>TILA Violation</u>

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-03163 JAK (VBKx) | Date | October 23, 2013 |
|---|---|---|---|
| Title | Srboui Eskidjian v. Washington Mutual Bank FSB et al | | |

Plaintiff's TILA claim arises from the alleged failure of JP Morgan to provide Plaintiff with various disclosures prior to closing on the Loan. Plaintiff has failed to remedy the deficiencies in the TILA claim as pleaded in the original complaint.

First, the allegations as to the TILA claim are identical to those in the original complaint. Plaintiff fails to state what disclosures were withheld, who withheld them and when and where they were withheld. Instead, Plaintiff merely states that she "alleges that Defendants failed to provide Plaintiff with the proper disclosures required under TILA."   Dkt. 24 at 15. This assertion is insufficient.

Second, JP Morgan argues that Plaintiff has failed to present allegations as to why the claim is not time barred. This issue was addressed in the order dismissing the original complaint. Dkt. 22. 15 U.S.C. §1640(e) provides that "any action under this section may be brought . . . within one year from the date of the occurrence of the violation." In general, the TILA statutory period "runs from the date of consummation of the transaction." *King v. California*, 784 F. 2d 910, 915 (9th Cir. 1986). However, equitable tolling may be available where a plaintiff can show that he or she failed to discover the violation as a result of excusable neglect. *Hubbard v. Fidelity Fed. Bank*, 91 F. 3d 75, 79 (9th Cir. 1996) (citing *King*, 784 F.2d at 915). "Plaintiffs are not entitled to equitable tolling if they were not prevented from comparing their loan documents and disclosures with those required under TILA." *Hubbard* 91 F. 3d at 79; *see also King*, 784 F.2d at 915.   Plaintiff suggests that she last sent loan modification paperwork to JP Morgan in January 2013; this action was commenced on May 2013. These allegations are not sufficient to establish a basis for tolling the statute of limitations.

Third, JP Morgan did not originate the Loan. Plaintiff claims only that JP Morgan is the current servicer of the Loan. Dkt. 24 at 2. Loan servicers cannot be held liable for TILA violations for loans they did not originate. 15 U.S.C. § 1641 (f) ("Treatment of <u>servicer</u>: (1) In general a servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation."); *see also Manuel v. Discovery Home Loans, LLC*, 2010 WL 2889510 at *3 (N.D. Cal. 2010); *Urista v. Bank of Am., N.A.*, WL 4948753 (N.D. Cal. 2011); *Punzalan v. EMC Mortgage Corp.*, 2011 WL 1838778 (N.D. Cal. 2011).[4]

Even if the FAC were construed to allege that JP Morgan is the assignee of the Loan, the result would be the same.   A TILA action based on alleged non-disclosure that is brought against the assignee of a debt or mortgage is only available when "the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement". 15 U.S.C. § 1641(a); *see also Marcos* 2011 WL 5079643 (N.D. Cal. 2011).   There is no such allegation in the FAC.

For these reasons, the Motion is granted as to the fourth cause of action, without leave to amend.

---

[4] Plaintiff also contends that Defendant is liable pursuant to Article 2.1 of the Purchase and Assumption Agreement.   Article 2.1 states that "[s]ubject to Section[] 2.5 . . . the Assuming Bank expressly assumes . . . and agrees to pay . . . all of the liabilities of the Failed Bank which are reflected on the Books and Records of the Failed Bank as of Bank Closing."   Dkt. 28, Exh. 2.   Section 2.5 explicitly states, however, that "any liability . . . arising in connection with the Failed Bank's lending or loan purchase activities are specifically not assumed by the Assuming Bank."   *Id.*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-03163 JAK (VBKx) | Date | October 23, 2013 |
|---|---|---|---|
| Title | Srboui Eskidjian v. Washington Mutual Bank FSB et al | | |

      5.      <u>RESPA Violation</u>

The allegations of the FAC as to the RESPA claim are almost identical to those in the original complaint. Thus, the FAC alleges that the fees charged by JP Morgan and Cal-Western were "in excess of the reasonable value of goods provided and/or services rendered." Dkt. 24, FAC at 17. The FAC also alleges that these fees "increase[ed] her loan amount and principle balance in violation under RESPA of 24 C.F.R. §3500.14." *Id.* at 17. RESPA and 24 C.F.R. § 3500.14 require, among other things, that lenders and loan servicers be prohibited from taking "kickbacks and unearned fees." 12 U.S.C. § 2607.

These allegations are not sufficient to support the RESPA claim for the same three reasons stated in the prior Order dismissing this cause of action. Dkt. 22 at 8-9.  First, the Complaint fails to identify any action by Defendant through which it charged excessive fees or why such fees were excessive or improper. Thus the Complaint presents only the "legal recitals couched as facts" held insufficient to survive a motion to dismiss in *Iqbal* and *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

Second, Plaintiff's claim is, on its face, time-barred. Dkt. 30 at 14. 12 U.S.C. § 2614 states: "Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought . . . within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation." The date of the occurrence of the violation is interpreted as the date on which the loan documents were signed. *Lyman v. Loan Correspondents, Inc.*, 2009 WL 3757398 (C.D. Cal. 2009) *aff'd,* 470 F. App'x 688 (9th Cir. 2012). Plaintiff signed the documents with respect to the Loan on August 4, 2006. Dkt. 24, FAC at 2. Plaintiff brought this action nearly seven years later on May 3, 2013. Dkt. 1. "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pacific Bell,* 202 F.3d 1170, 1178 (9th Cir.2000). Equitable tolling is generally available for RESPA claims involving mortgages. *Brewer v. Indymac Bank*, 609 F.Supp.2d 1104 (E.D.Cal.2009); *see also Lyman*, 2009 WL 3757398. The prior Order stated that "[b]ecause the limitations issue arises from the face of the Complaint, and because this affirmative defense has been raised by Defendants, any amended complaint must address the claimed basis for tolling."   Dkt. 22 at 9.   Plaintiff states that she "did not discover Defendant's illegal conduct until after her property was sold as a trustee's sale," and that "equitable tolling should apply."   Dkt. 24, FAC at 17.   This is insufficient. Once again, the FAC does not explain why, through the exercise of reasonable diligence, Plaintiff could not have discovered this alleged wrongdoing in time to bring a claim within the limitations period.

Third, Plaintiff alleges that the fees charged were "in excess of the reasonable value of goods provided and/or services rendered." *Id.* at 17. However, this issue was addressed in the prior Order. Thus, excessive fees for services rendered do not give rise to a RESPA claim.   Dkt. 22 at 9; *Martinez v. Wells Fargo Home Mortgage, Inc.,* 598 F.3d 549, 553-54 ("[RESPA] cannot be read to prohibit charging fees, excessive or otherwise, when those fees are for services that were actually performed.").

For these reasons, the Motion is granted as to the fifth cause of action, without leave to amend.

      6.      <u>Violation of California Business and Profession Code § 17200</u>

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-03163 JAK (VBKx) | Date | October 23, 2013 |
|---|---|---|---|
| Title | Srboui Eskidjian v. Washington Mutual Bank FSB et al | | |

"Section 17200 defines 'unfair competition' very broadly, to include 'anything that can properly be called a business practice and that at the same time is forbidden by law.'" *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000) (citing *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377 (1992)) (internal quotation marks omitted). In essence, a violation of § 17200 is a derivative cause of action that "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Chabner,* 225 F. 3d at 1048 (citing *Cel–Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163) (internal quotation marks omitted). An unfair competition claim requires the allegation of specific facts showing ongoing unlawful, unfair, and fraudulent business acts. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003). A plaintiff who brings a § 17200 claim alleging unfair business practices must state "with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993). Moreover, in light of the amendments to § 17200 effected by Proposition 64, in order to have standing to bring a claim under § 17200, a plaintiff must have "suffered injury in fact and has lost money or property as a result of" the alleged unfair competition." *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 852 (2008) (quoting Cal. Bus. & Prof. Code § 17204).

Plaintiff's claim under § 17200 fails for two reasons. First, it is dependent on certain of the foregoing claims that are themselves deficient. The FAC alleges that the actions of JP Morgan "were in violation of established California public policies to promote and preserve home ownership and to prevent foreclosures," in light of California Civil Code §§ 1695(b), 2923.5, and 3412. Dkt. 24, FAC at 18. It also alleges that Defendant engaged in "fraud," specifically because its representatives "assured Plaintiff that her loan modification application was under review, when in fact, they had no intention to modify her loan. *Id.* at 18. Because these underlying claims must be repleaded, the § 17200 as presently pleaded is insufficient.

Second, the FAC fails to allege how the claimed injuries were "the result of" the claimed statutory and common law wrongdoing within the meaning of § 17200. Instead, the FAC makes only the conclusory allegation that the injuries were "a direct and proximate [result] of the acts of [Defendant]." *Id.*

For these reasons, the Motion is granted as to the sixth cause of action, with leave to amend.

    7.  <u>Promissory Estoppel</u>

Under California law, the elements of a promissory estoppel claim are: (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) that is both reasonable and foreseeable; and (4) the party asserting the claim must be injured by this reliance. *B & O Mfg., Inc. v. Home Depot U.S.A., Inc.*, WL 3232276, *6 (N.D. Cal. 2007) (quoting *Laks v. Coast Fed. Sav. & Loan Assn.*, 60 Cal. App. 3d 885, 890 (1976)).

The FAC does not contain any material changes from the original one. Both allege that "[JP Morgan] representatives repeatedly assured [Plaintiff] that her application was under review." Dkt. 24 at 19. The prior Order explained that "[t]he Complaint does not, however, allege that JP Morgan promised that it would not foreclose while this review process was underway." Dkt. 22 at 10. The FAC does not allege that JP Morgan made such a promise.


**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-03163 JAK (VBKx) | Date | October 23, 2013 |
|---|---|---|---|
| Title | Srboui Eskidjian v. Washington Mutual Bank FSB et al | | |

Moreover, Plaintiff alleges that she reasonably relied on Defendant's promise in not seeking "other legal remedies available to her to prevent foreclosure." *Id.* at 19. This remains insufficient. *"*Such general allegations of detrimental reliance are insufficient to plead promissory estoppel, and fail to meet even the basic pleading standard of Rule 8 and *Twombly*." *Nguyen v. PennyMac Loan Servs., LLC*, 2012 WL 6062742, *8 (C.D. Cal. 2012) (holding that a Plaintiff did not sufficiently allege detrimental reliance by stating that he did not file for bankruptcy or "investigate" other "possible scenarios to stave off impending foreclosure."). *See also Sohal v. Federal Home Loan Mortg. Corp.*, 2011 WL 3842195, *7 (N.D. Cal. 2011) ("vague allegations of foregoing legal action are insufficient to plead detrimental reliance").

For these reasons, the Motion is granted as to the seventh cause of action, with leave to amend; provided, however, that the claim is limited to estoppel, and any resulting remedies, arising from allegations with respect to events that preceded the foreclosure process itself.

**IV.     Conclusion**

The motion to dismiss is GRANTED, with leave to amend the fraud, HBOR, negligent misrepresentation, § 17200 and promissory estoppel claims. The Motion is GRANTED, without leave to amend, as to the remaining claims.

**IT IS SO ORDERED.**

                                                                                                   :
                                                                     Initials of Preparer    ak